JUDGMENT
==============================================================================

A M E N D E D

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT



----------------

NOS. 98-56530, 98-56685
CT/AG#: CV-98-00778-TJH

RONALD BRANSON

    Plaintiff/Appellant-Cross-Appellee

v.

CITY OF LOS ANGELES; LOS ANGELES DEPARTMENT OF
TRANSPORTATION (LADOT); THOMAS CONNER, General Manager LADOT;
CALIFORNIA DEPARTMENT OF MOTOR VEHICLES; SALLY REID, Director DMV

    Defendants/Appellees

and

LOCKHEED MARTIN CORPORATION, (LIMSC); EDWARD AVILA, Western
Region Senior Vice President (LIMSC)

    Defendants/Appellees-Cross-Appellants

----------------------

APPEAL FROM the United States District Court for the Central District of California, Los Angeles.

THIS CAUSE came on to be heard on the Transcript of the Record from the United States District Court for the Central District of California, Los Angeles and was duly submitted.





- ...4. Docketed
- ...7.. Mld copy Ptys
- ..... Mld Notice Ptys
- ..4. JS-6

ON CONSIDERATION WHEREOF, It is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is affirmed. Costs taxed.

Filed and entered June 17, 1999.

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
## BILL OF COSTS

RONALD BRANSON v. CITY OF LOS ANGELES, et al     CA No. 98-56530/98-56685

**NOTE:** If you wish to file a bill of costs, it MUST be submitted on this form and filed, with the clerk, with proof of service, within 14 days of the date of entry of judgment, and in accordance with Circuit Rule 39-1. A late bill of costs must be accompanied by a motion showing good cause. Please refer to FRAP 39, 28 U.S.C. 1920, and Circuit Rule 39-1 when preparing your bill of costs.

The Clerk is requested to tax the following costs against: Ronald Branson

| COST TAXABLE UNDER FRAP 39, 28 U.S.C. 1920, Circuit Rule 39-1 | REQUESTED Each column must be completed | | | | ALLOWED To be completed by the clerk | | | |
|---|---|---|---|---|---|---|---|---|
| | No. Of Documents* | Pages per Document | Cost per Page** | Total Cost | No. Of Documents | Pages for Document | Cost for Page | Total Cost |
| Excerpt of Record | | | | | | | | |
| Appellant's Brief | | | | | | | | |
| Appellee's Brief | 26 * | 22 | 20 cents | 114.40 | | | | 114.40 |
| Appellant's Reply Brief | | | | | | | | |
| Other | | | | | | | | |
| * See Attached | | | TOTAL: $ 114.40 | | | | TOTAL: $ 114.40 | |

* If more than 7 excerpts or 20 briefs are requested, a statement explaining the excess number must be submitted.
** Costs per page may not exceed 20¢ of actual cost, whichever is less. Circuit Rule 39-1.

Other: Any other requests must be accompanied by a statement explaining why the item(s) should be taxed pursuant to Circuit Rule 39-1. Additional items without such supporting statements will not be considered.

Attorneys Fees cannot be requested on this form.

I, Patrick McAdam, swear under penalty of perjury that the services for which costs are taxed were actually and necessarily performed, and that the requested costs were actually expended as listed. The printer's itemized statement showing actual costs per page is attached.

Signature: /s/ Patrick McAdam     Date: June 30, 1999

Name of Counsel (printed or typed) Patrick McAdam     Attorney for: LOCKHEED MARTIN IMS; EDWARD AVILA

Date: 10/7/99

Costs are taxed in the amount of $ 114.40

By: /s/ [signature] Deputy Clerk     Clerk of Court

wpdocs/forms/bull REV. 11/95

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST
OCT -7 1999
/s/ Deputy Clerk

FILED
JUL 01 1999
CATHY A. CATTERSON
U.S. COURT OF APPEALS

For Official Use Only

**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 17 1999

FOR THE NINTH CIRCUIT

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RONALD BRANSON,<br><br>          Plaintiff-Appellant-Cross-Appellee,<br><br>v.<br><br>CITY OF LOS ANGELES; LOS ANGELES DEPARTMENT OF TRANSPORTATION (LADOT); THOMAS CONNER, General Manager LADOT; CALIFORNIA DEPARTMENT OF MOTOR VEHICLES; SALLY REID, Director DMV,<br><br>          Defendants-Appellees,<br><br>and<br><br>LOCKHEED MARTIN IMS CORPORATION, (LIMSC); EDWARD AVILA, Western Region Senior Vice President (LIMSC),<br><br>          Defendants-Appellees-Cross-Appellants. | Nos. 98-56530, 98-56685<br><br>D.C. No. CV-98-00778-TJH<br><br>MEMORANDUM[1] |

Appeals from the United States District Court
for the Central District of California
Terry J. Hatter, Chief Judge, Presiding

---

[1] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36-3.

Submitted June 14, 1999[2]

Before: O'SCANNLAIN, RYMER, and SILVERMAN, Circuit Judges.

Ronald Branson appeals pro se from the district court's dismissal of his 42 U.S.C. § 1983 action, its denial of his motion to alter or amend the judgment and for leave to amend, and its imposition of sanctions and costs against him. Lockheed Martin IMS Corporation and Edward Avila cross-appeal from the district court's denial of their request for attorney's fees pursuant to 42 U.S.C. § 1988. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm both the appeal and cross-appeal.

We may affirm the district court's decision on any basis which the record supports. *See Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995). Because Branson's action is an impermissible collateral attack against a prior state court judgment, the district court lacked subject matter jurisdiction and properly dismissed his section 1983 action. *See id.* at 291-92.

Because the record shows no newly-discovered evidence, clear error or manifest injustice, or an intervening change in controlling law, the district court properly denied Branson's Fed. R. Civ. P. 59(e) motion. *See School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993).

---

[2] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Accordingly, Lockheed's and Avila's request for oral argument is denied.

Moreover, the district court did not err by denying Branson leave to amend his complaint because amendment would be futile given the district court's lack of subject matter jurisdiction. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

We further conclude that the district court did not err by taxing costs against Branson because 28 U.S.C. § 1919 authorizes payment of just costs in an action dismissed for lack of jurisdiction. *See Branson*, 62 F.3d at 293 n.10. Moreover, because the record indicates that Branson's action was a frivolous and impermissible collateral attack against a prior state court judgment, the district court properly imposed sanctions sua sponte against Branson. *See* Fed. R. Civ. P. 11.

We deny California Department of Motor Vehicles' and Reid's request for attorney's fees and costs without prejudice to their requesting such an award of fees and costs in a separately filed motion. *See Gabor v. Frazier*, 78 F.3d 459, 459-60 (9th Cir. 1996) (order).

We deny Branson's requests for judicial notice, striking of portions of certain briefs, and sanctions.[3]

Finally, as to Lockheed's and Avila's cross-appeal, we conclude that the district court properly denied their request for attorney's fees under 42 U.S.C. §

---

[3] Branson's remaining contentions lack merit.

3

1988 because there is no prevailing party in an action dismissed for lack of subject matter jurisdiction. *See Branson*, 62 F.3d at 293.[4]

Branson shall pay costs on his appeal. Lockheed and Avila shall pay costs on their cross-appeal.

**No. 98-56530 (Main Appeal) AFFIRMED.**

**No. 98-56685 (Cross-Appeal) AFFIRMED.**

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST
OCT -7 1999
by: [signature]
Deputy Clerk

---

[4] Lockheed and Avila contend that *Elks Nat'l Found. v. Weber*, 942 F.2d 1480, 1485 (9th Cir. 1991), permits the award of attorney's fees under 42 U.S.C. § 1988 when an action is dismissed for lack of subject matter jurisdiction. This court in *Branson* distinguished *Elks National Foundation* because in the latter case the award of attorney's fees was based alternatively on Fed. R. Civ. P. 11, which permits the award of attorney's fees when an action is dismissed for lack of subject matter jurisdiction. *See Branson*, 62 F.3d at 293. Here, no Fed. R. Civ. P. 11 motion was filed, so the district court had no basis to award Lockheed and Avila attorney's fees.

4

------------------------------

Ronald Branson
16623 Calahan Street
North Hills, CA 91343

------------------------------

ah

------------------------------

Jerome Montgomery, Esq.
OFFICE OF THE CITY ATTORNEY
200 North Main Street
Los Angeles, CA 90012

------------------------------

ah

------------------------------

Patrick McAdam, Esq.
IVERSON, YOAKUM, PAPIANO & HATCH
624 South Grand Avenue
Los Angeles, CA 90017-3328

------------------------------

ah

```
Jung D. Shin, Esq.
OFFICE OF THE CALIFORNIA STATE ATTORNEY GENERAL
5th Flr. - Suite 500
300 So. Spring Street
Los Angeles, CA 90013
```

ah